872 F.2d 1027
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Alfred NELSON, Plaintiff-Appellant,
v.
Gerald J. INGRAM, Patrick Ungaro, Lloyd R. Haynes, Jack
Masi, Jr., Shirley Jean Biconovsky, Defendants-Appellees.
 No. 87-3864.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1989.
 
 Before MERRITT and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This Ohio prisoner, by counsel, appeals the district court's order dismissing his civil rights claim filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the brief, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 James Alfred Nelson alleged in a pro se complaint that he was arrested by defendant Jack Masi, a deputy sheriff, on January 28, 1983, booked into the Mahoning County (Ohio) Jail, and immediately transferred to Youngstown City Jail. He further complained that he was not arraigned until March 8, 1983. Nelson named as additional defendants Youngstown's mayor (Ungaro), a local judge (Haynes), an attorney (Ingram), and an alleged informant (Bicanovsky). He sought damages of one million dollars from each of the five defendants.
 
 
 3
 After defendants Haynes, Ingram and Ungaro filed motions to dismiss and defendant Bicanovsky filed her answer, Nelson filed a pro se motion for leave to file an amended complaint. With leave of court, defendant Masi filed his answer instanter. Nelson's motion, filed June 19, 1986, was granted on September 22, 1986. On October 22, Nelson, with the assistance of counsel, sought an extension of time in which to file an amended complaint.
 
 
 4
 The amended complaint was filed October 31. Apparently asserting a claim for malicious prosecution, Nelson alleged simply that defendant Masi, without probable cause, falsely obtained two warrants to search Nelson's home and wrongfully filed extortion and statutory rape charges against him. Nelson also alleged that defendant Bicanovsky acted in conjunction with Masi and had an ulterior motive in telling Masi that Nelson tried to extort money from her. Nelson was acquitted on the extortion charges but convicted on the charge of statutory rape.
 
 
 5
 Between January 30 and April 14, 1987, Nelson's counsel filed six motions for additional time in which to respond to defendants' motions to dismiss. After defendant Masi filed a motion for summary judgment, Nelson requested a continuance and asserted the need for research and discovery. Nelson again requested more time in which to answer the motions to dismiss and leave to file a second amended complaint. At a status conference held May 6, 1987, Nelson was granted until May 11 to file his amended complaint. Nelson responded by filing a motion to reconsider and again sought an extension of time. Additionally, Nelson sought a protective order on behalf of a nonparty whom he intended to depose.
 
 
 6
 Finding no reason to delay further its consideration of the pending motions, the district court denied Nelson's requests for additional time, his motion for leave to file a second amended complaint and the motion for a protective order for a nonparty. The district court granted defendants' Rule 12(b)(6) motions to dismiss for failure to state a claim and defendant Masi's motion for summary judgment. On appeal, Nelson argues that the district court abused its discretion by denying his motion and erroneously entered judgment for defendants.
 
 
 7
 Upon review we conclude that the district court did not abuse its discretion by denying Nelson's motions.
 
 
 8
 The district court properly dismissed claims against defendants Ungaro, Ingram and Haynes because it appears beyond doubt that Nelson can prove no set of facts which would entitle him to relief he seeks. See Conley v. Gibson, 355 U.S. 41 (1957). Similarly, the vague and conclusory allegations against Bicanovsky were insufficient to state a claim. See Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir.1987).
 
 
 9
 Finally, we conclude that there was no genuine issue of material fact and defendant Masi was entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291 (6th Cir.1984).
 
 
 10
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.